United States District Court
Southern District of Texas
**ENTERED**
August 20, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **MUHAMMAD YASIR,**<br>Petitioner, | §<br>§<br>§ | |
| v. | § | Civil Action No. **1:26-cv-884** |
| **MIGUEL VERGARA,** in his official capacity, Field Office Director of Enforcement and Removal Operations, Harlingen Field Office, *et al.*,<br>Respondents. | §<br>§<br>§<br>§<br>§<br>§ | |

**MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

Before the Court is Muhammad Yasir's "Petition for a Writ of Habeas Corpus" (Yasir's "§ 2241 Petition"). Dkt. No. 1. For the reasons discussed below, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Yasir's § 2241 Petition; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Yasir, a citizen of Pakistan, is in immigration custody at the Port Isabel Detention Center ("PIDC") located in Los Fresnos, Texas. Dkt. No. 1 at 2. On January 15, 2025, Yasir entered the United States. *Id.* at 5. On January 17, 2025, Yasir was detained by immigration officials and subsequently placed into removal proceedings. *Id.* On October 6, 2025, an immigration judge ("IJ") ordered him removed to Pakistan. *Id.* Yasir timely appealed the IJ's order of removal to the Board of Immigration Appeals ("BIA"). *Id.* On

[1] Information obtained from Yasir's § 2241 Petition. *See* Dkt. No. 1. Yasir's A-Number is 221043153, and his country of origin is Pakistan. *Id.* at 2.

June 12, 2026, Yasir withdrew his BIA appeal. *Id.* To date, Yasir remains detained at PIDC.

## II. LEGAL STANDARDS

### A. Federal Subject Matter Jurisdiction: *Standing and Ripeness*

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts presume that any given case lies outside this limited jurisdiction, and the party seeking to invoke jurisdiction has the burden of showing otherwise. *Kokkonen*, 511 U.S. at 377; *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986). Accordingly, federal courts have an independent obligation to examine their own subject matter jurisdiction, even sua sponte. *Rivero v. Fid. Invs., Inc.*, 1 F.4th 340, 344 (5th Cir. 2021), *cert. denied*, 142 S.Ct. 1670 (2022) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

The United States Constitution limits federal jurisdiction to the resolution of "cases" and "controversies." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992); U.S. Const. art. III, § 2, cl. 1. Standing is an "essential and unchanging part" of the Constitution's case-or-controversy requirement. *Lujan*, 504 U.S. at 559. Standing requires, in part, an "actual or imminent" injury, i.e., one that is "ripe for decision." *Id.* at 560; *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002), *cert. denied sub nom. Schuehle v. Norton*, 537 U.S. 1071 (2002). For a claim to be ripe, it must have "matured sufficiently to warrant judicial intervention." *Contender Farms, L.L.P. v. U.S. Dep't of Agric.*, 779 F.3d 258, 267 (5th Cir. 2015) (internal quotations omitted). A premature claim for relief is not judicially ripe and falls outside the federal courts' limited jurisdiction. *Shields*, 289

F.3d at 835; *see also Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005) (per curiam) (noting that standing and ripeness are "essential components of federal subject-matter jurisdiction.").

Without subject matter jurisdiction, federal courts have no authority to adjudicate a case and must dismiss it. *Goodrich v. United States*, 3 F.4th 776, 779 (5th Cir. 2021); Fed. R. Civ. P. 12(h)(3). Dismissal for lack of subject matter jurisdiction is without prejudice. *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021).

**B. 28 U.S.C. § 2241: *Habeas Review of Final Orders of Removal***

The district courts may grant writs of habeas corpus to persons in federal custody in violation of federal law. 28 U.S.C. § 2241(a), (c)(1), (c)(3). This power extends to immigrant detainees in custody beyond the statutorily mandated removal period. 8 U.S.C. § 1231(a)(1)(A); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Habeas review of removal orders, however, is conditioned on the detainee first exhausting all available administrative remedies. 8 U.S.C. § 1252(d)(1). Failure to exhaust administrative remedies should result in dismissal without prejudice. *Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 607 (5th Cir. 2007).

**C. 8 U.S.C. § 1231**

Immigration judges are authorized to issue orders of removal, which become final once the Board of Immigration Appeals ("BIA") has acted or the time to seek review of a removal order expires. *See generally* 8 C.F.R. § 1241.1; *Texas v. United States*, 524 F. Supp. 3d 598, 614 (S.D. Tex. 2021) (Tipton, J.). Generally, the Government has 90 days to execute a final removal order and remove the unauthorized immigrant from the United States. 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, "the Attorney General shall detain the alien." *Id.* at § 1231(a)(2)(A). "[N]o court shall have jurisdiction

to hear any cause or claim[…] arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien". 8 U.S.C. § 1252(g).

## III. DISCUSSION

An IJ's order of removal becomes final once the BIA has acted or the time to seek review of a removal order expires. *See generally* 8 C.F.R. § 1241.1; *Texas v. United States*, 524 F.Supp.3d 598, 614 (S.D. Tex. Feb. 23, 2021) (J. Tipton). Yasir withdrew his BIA appeal on June 12, 2026. Dkt. No. 1 at 6. Therefore, 69 days have passed since his order of removal became administratively final; his *Zadvydas* claim is unripe. 8 U.S.C. § 1231(a)(i)(B)(i) ("The removal period begins … [t]he date the order of removal becomes administratively final."). This is fatal to Yasir's § 2241 Petition because it falls short of the 90-day removal period; the Attorney General "shall detain the alien" during the removal period. 8 U.S.C. § 1231(a)(1)(A), (a)(2)(A).

As a result, judicial intervention at this stage is premature and would be imprudent considering the Executive branch's primary prerogative over the administration of immigrant removal. *See* 8 U.S.C. § 1252(g). Accordingly, Yasir's claim is not ripe and is subject to dismissal for lack of subject matter jurisdiction.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Yasir's § 2241 Petition; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V. NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

**SIGNED** on this **20th** day of **August, 2026** at Brownsville, Texas.

**Ignacio Torteya, III**
**United States Magistrate Judge**